# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1240-CV-W-GAF |
| | ) | |
| RAPHAEL CHUKWUYEKWU IGBOKWE | ) | |
| a/k/a RICKY SMITH JACKSON | ) | |
| KENNEDY AMAECHI IGBOKWE, | ) | |
| ROLAND GODFREY | ) | |
| a/k/a ROLAND EDOMOBI | ) | |
| AMAZAIR MCALLISTER, M.D. and | ) | |
| AMBROSE WOTORSON, D.O. | ) | |
| PRUCARE HEALTH SERVICES | ) | |
| PROCARE MEDICAL SUPPLY AND | ) | |
| EQUIPMENT | ) | |
| CARDINAL HEALTH CARE, INC. | ) | |
| QUEST REHABILITATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED INJUNCTION
## Defendant Ambrose Wotorson

Plaintiff the United States of America ("United States") and defendant Ambrose Wotorson, D.O. ("Wotorson") agree and stipulate as follows:

1. The parties have reached an agreement regarding the disposition of the issues raised in the United States' Motion for a Temporary Restraining Order and a Preliminary Injunction and Complaint For Injunctive Relief.

2. An injunction pursuant to 18 U.S.C. § 1345 should, and hereby does, issue.

3. This injunction issued pursuant to 18 U.S.C. § 1345 is in effect through and including the resolution of all criminal actions brought by the United States against Wotorson

including, but not limited to the action currently pending as United States v. Ambrose Wotorson, D.O., Case No. 06-0020-08-CR-W-ODS.

4. Except as expressly provided herein, this Stipulated Injunction enjoins and prohibits:

a. Wotorson from defrauding any health care benefit program and/or from obtaining, by means of a false or fraudulent representation, any money under the custody or control of any health care benefit program;

b. Wotorson from accepting, transferring, alienating, encumbering and/or disposing of, or otherwise taking any action with respect to, monies received from the health care insurers, Medicare, Medicaid, the United States or financial institutions;

c. financial institutions, brokers, agents, family members, and/or other entities having possession or control of defendant's assets from disposing of or transferring any such assets except as expressly provided in paragraph i, below;

d. Wotorson from failing to maintain business, financial, patient, and accounting records;

e. Wotorson from disposing of business, financial, patient and accounting records or from altering in any way the same described records;

f. Wotorson from withdrawing or transferring any money or sums presently deposited with, or held on his behalf by, any financial institution, trust fund, brokerage agency or other financial agency, public or private, except as specifically set forth herein;

g. Wotorson from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained or acquired by him except as expressly provided in paragraph i below.

h. UMB Scout Brokerage Services Inc. Account Number 087-662224 will remain frozen and Wotorson shall provide copies of all periodic statements and correspondence regarding this account within five business days after receipt of such statements by the defendant.

i. UMB Bank Account Number 98-3500-550-1 is RELEASED from the Temporary Restraining Order and the Stipulated Injunction, subject to the following:

(1) The sum of $12,500.00 shall be transferred to an account designated in writing by James F. Speck, Esq.;

(2) The remaining funds contained in UMB Bank Account Number 98-3500-550-1 and UMB Bank Account Number 98-4019-191-7 shall be used only to pay for Wotorson's and Marva K. Wotorson's ordinary and reasonable living expenses;

(3) All such funds shall first be transferred from UMB Bank Account Number 98-4019-191-7 to UMB Bank Account Number 98-3500-550-1 before they are dispersed.

(4) Wotorson shall provide complete copies of all periodic statements from UMB Bank Account Number 98-3500-550-1 and UMB Bank Account Number 98-4019-191-7 within five business days after receipt of such statements by the defendant. Wotorson shall produce copies of all canceled checks upon the request of counsel for the United States.

(5) Upon request of counsel for the United States, Wotorson shall

respond in writing within five business days to any questions concerning expenditures from UMB Bank Account Number 98-3500-550-1.

5. In the event that circumstances change or additional information comes to light, either party may petition the Court for a modification of this Stipulated Injunction. Prior to seeking such a Court ordered modification, the parties shall attempt to resolve any such issues in good faith.

6. This Stipulated Injunction will expire at the final resolution of all criminal actions brought by the United States against Ambrose Wotorson including, but not limited to the action currently pending as United States v. Ambrose Wotorson, D.O., Case No. 06-0020-08-CR-W-ODS.

7. Individuals and/or entities to whom this Stipulated Injunction applies are enjoined from releasing any assets subject to this Stipulated Injunction pending further order of this Court or upon formal notification, in writing, by the Office of the United States Attorney. The Court, for good cause shown, may consider an extension or modification of this Stipulated Injunction.

8. The order setting a January 12, 2006 hearing in this matter is vacated.

IT IS SO ORDERED.

        /s/ Gary A. Fenner
        GARY A. FENNER, JUDGE
        United States District Court

DATED:   January 11, 2006